[Civ. No. 469. Fourth Appellate District.—August 20, 1931.]

J. J. BYERS, Respondent, v. L. E. SPICER, Appellant.

Titus & Macomber for Appellant.

M. W. Conkling and Vernon Day for Respondent.

ALLEN, J., *pro tem.*—Plaintiff sustained injuries by reason of a collision between a motorcycle driven by him and an automobile operated by defendant. The case was tried by the court sitting without a jury and plaintiff had judgment. Defendant appeals.

Plaintiff was a traffic officer and deputy sheriff; was on duty and chasing a hit-and-run driver whose car had struck another automobile and injured the occupants. The motorcycle was equipped with a siren and both headlights and tail-light, which were all burning. The siren was being sounded at the time of the accident and had been for several minutes previous thereto. Plaintiff was traveling north and defendant south on Highland Avenue in National City and when defendant arrived at Sixth Street he attempted to make a left-hand turn when the collision occurred. Plaintiff was traveling at a speed of fifty miles per hour or more. The crossing where the accident happened was in a twenty-mile zone, as well as a fifteen-mile intersection. The accident happened on a Sunday afternoon on the main road between Tijuana and San Diego, where traffic was exceptionally heavy.

The only question raised on appeal is whether the plaintiff was guilty of contributory negligence as a matter of law. The sections of the California Vehicle Act (Acts 1923, p. 517), in force at the time of the accident and which are the law of the case are:

"Sec. 120. When Speed Limit not applicable. The provisions of this act prescribing the speed for vehicles shall not apply to vehicles of any city, city and county, or county or of the state of California when such vehicles are being operated in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation, nor to fire department vehicles when traveling in response to a fire alarm nor to ambulances or the vehicles of licensed physicians when actually traveling in response to emergency calls. . . .

"Sec. 132. Police and Fire Vehicles have right of way. Police and fire department vehicles shall have the right of

way over all other vehicles but must be operated with due regard for the safety of all persons using the public highway. This provision shall not protect the driver of any such vehicle or his employer or principal from the consequence of the arbitrary exercise of such right of way.

"Sec. 133. What to do on approach of police or fire vehicle. Upon the approach of any police or fire department vehicle, it shall be the duty of the operator of any street car, upon the sounding of a signal by such police or fire department vehicle, to stop such street car forthwith, unless at the time such street car is crossing an intersection of the public highways, in which event it shall be operated so as to clear the intersection of the highways and then stopped, and every other vehicle shall immediately be moved to a position as near as possible and parallel to the right-hand curb, and shall remain there until the police or fire department apparatus has passed such vehicle."

These sections, read together, leave little doubt as to the rights of the parties. (*Balthasar* v. *Pacific Elec. R. Co.*, 187 Cal. 302 [19 A. L. R. 452, 202 Pac. 37].) Plaintiff had the right of way and was of a class of persons to whom the provisions as to speed were not applicable. The only duty left for the plaintiff to perform was to operate his motorcycle with due regard for the safety of the public, which means the exercise of reasonable care by him for the public safety.

In order to charge plaintiff with contributory negligence under the sections above quoted, defendant must show that plaintiff did not operate his motorcycle with reasonable care for the public safety. There is nothing in the evidence which would sustain this contention. Appellant cites no authorities and we fail to find any which are in conflict herewith.

The only point relied upon for a reversal is the evidence that the plaintiff was traveling faster than 15 miles per hour in the intersection. Section 120 of the California Vehicle Act is decisive on this point. Having concluded that the provisions as to speed do not apply to those designated in section 120 of the act, it might be well to mention the absurdity of requiring peace officers to observe the arbitrary rules as to speed contained in the California Vehicle Act when pursuing criminals, who may be fleeing in high-

powered cars at twice the permissible speed. The judgment of the trial court was correct.

Judgment affirmed.

Jennings, Acting P. J., and Marks, J., concurred.